**The STATE of Ohio, Appellant,**

v.

**FROST, Appellee.**

[Cite as *State v. Frost* (1994), 92 Ohio App.3d 106.]

Court of Appeals of Ohio,
Clinton County.

No. CA93–09–028.

Decided Jan. 10, 1994.

*Fred J. Beery,* for appellant.

*J.D. Bryant,* for appellee.

FRED E. JONES, Presiding Judge.

The state appeals the dismissal of a complaint charging defendant-appellee, James L. Frost, with voyeurism in violation of R.C. 2907.08(A). We affirm.

On May 14, 1993, Cowan Lake State Park Assistant Manager Tim Carr observed appellee sitting in his vehicle at the main beach parking lot of Cowan Lake. Carr testified that appellee was sitting behind the wheel of his car with the windows rolled up on a warm day, and that his car was in direct line with two bikini-clad females on the beach. Carr proceeded to a concealed location in a wooded area near appellee's car, and observed appellee for about twenty-five

minutes. He testified that appellee was observing the females with binoculars, while "making movements with his left hand as if engaging in masturbation." Carr then approached appellee on foot, and upon reaching his vehicle, actually saw the masturbation, with appellee's pants around his ankles.

R.C. 2907.08 reads as follows:

"(A) No person, for the purpose of sexually arousing or gratifying himself or herself, shall commit *trespass* or otherwise surreptitiously *invade the privacy of another,* to spy or eavesdrop upon another.

"(B) Whoever violates this section is guilty of voyeurism, a misdemeanor of the third degree." (Emphasis added.)

Appellee filed a motion to suppress the evidence, claiming that there was no probable cause to arrest or cite him. The trial court granted the motion to suppress, finding that no reasonable basis existed for the citation as the females who were the subjects of appellee's alleged voyeurism were located in a public place and had no privacy interest to be protected in not being observed. In addition to granting the motion to suppress for lack of probable cause, the court dismissed the case and discharged appellee.

The trial court was correct. The young ladies had no right of privacy at a public beach, and they probably expected to be observed in their bikini bathing suits. The state incongruously compares appellee's distasteful conduct with that of a window peeper or one who uses a listening device at the wall of a marital suite. We fail to see the analogy. It may well be true that appellee was sexually aroused by watching the young ladies gamboling on the beach, but there was neither a trespass nor an invasion of privacy. The state's sole assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG and WALSH, JJ., concur.